UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCCURTY,<br><br>Plaintiff,<br><br>v.<br><br>H. MADSEN, et al.,<br><br>Defendants. | Case No. 21-cv-05435-YGR<br><br>**ORDER OF SERVICE** |

## I.   INTRODUCTION

Plaintiff, a state prisoner incarcerated at Correctional Training Facility (CTF), has filed a *pro se* complaint under 42 U.S.C. § 1983. *See* Dkt. 1. Plaintiff's motion for leave to proceed *in forma pauperis* will be granted in a separate written Order.

Plaintiff has named the following defendants at CTF: Correctional Officer H. Madsen, Correctional Officer Arlene Stephens, Warden Craig Koenig, and Does 1-3. Dkt. 1 at 5-6.[1] Plaintiff seeks injunctive and declaratory relief and compensatory and punitive damages. *Id.* at 15-16.

Venue is proper because the events giving rise to the claims are alleged to have occurred at CTF, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

## II.   DISCUSSION

### A.   Standard of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by plaintiff.

claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id*. at § 1915A(b). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements, namely that: (1) a right secured by the Constitution or laws of the United States was violated and (2) the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

### B.      Legal Claims

Plaintiff alleges that defendants Madsen and Stephens "conducted a retaliatory search" of his cell on July 11, 2019. Dkt. 1 at 8. Plaintiff alleges that the search was retaliation for the fact that his cellmate had filed a grievance concerning defendant Madsen. *Id.* Plaintiff alleges that defendants "conducted another retaliatory cell search of Plaintiff's cell and an unauthorized retaliatory clothed body search of Plaintiff" on August 10, 2019. *Id.* During this August 10 search, plaintiff alleges that defendant Madsen ordered him to step outside of his cell, and place his hands on the wall, after which she "began aggressively searching Plaintiff." *Id.* at 8-9. Plaintiff alleges that defendant Madsen pulled his pants down, exposing his buttocks and genitalia to the 40 to 60 inmates in the dayroom, as well as to defendant Stephens, and "deliberately assaulted him" when she "grabbed Plaintiff's buttocks pushing in an upward position for a few seconds, then let Plaintiff's buttocks go," and by "maintaining her hands inside Plaintiff's [boxer] shorts squeezing and cupping Plaintiff's penis and scrotum in an upward motion, pulling up Plaintiff's pants causing a sharp abdominal pain." *Id.* at 9-10. Plaintiff alleges that he reported the incident to the on-duty sergeant the same day, who conducted a video- and audio- recorded interview with him, after which defendant Madsen "took Plaintiff's recent purchased Religious Prayer Oil." *Id.* at 10.

Plaintiff alleges that defendant Stephens "was smiling, while looking in the direction of defendant Madsen and laughing with the other inmates in the wing's dayroom," and "was acting in concert with" defendant Madsen by failing to intervene. *Id.* at 9, 13.

2

Plaintiff alleges that defendant Koenig "knew of staff sexual misconduct and pervasive abusive conduct towards the prisoner population at [CTF] by the volume of 'complaints' and grievances," but "failed to take disciplinary action against staff and Defendants . . . or otherwise to control staff and their behavior." *Id.* at 12.

Plaintiff attaches his own grievance and appeal regarding the August 10 incident, *see* dkt. 1-1 at 3-8, as well as paperwork related to grievances and appeals filed by four other prisoners regarding sexual assault by correctional officers including defendants Madsen and Stephens, *see id.* at 10-34.

Plaintiff seeks: (1) a declaration that defendants violated his constitutional rights; (2) an order enjoining defendants Madsen and Stephens from conducting further "illegal clothed body search[es]" on himself or others prisoners and (3) requiring them to undergo "training on searching male prisoners pursuant to CDCR policies"; (4) an order requiring the California Department of Corrections and Rehabilitation (CDCR) Secretary to initiate an investigation regarding "allegations of physical and sexual abuse of prisoners by correction staff at the Correctional Training Facility-Central within the pas[t] five years"; and (5) compensatory and (6) punitive damages. Dkt. 1 at 15-16.

### 1. Doe Defendants

Although plaintiff listed "Does 1-3" in the caption, he has made no allegations regarding any unknown defendants. Although the use of "John Doe" to identify a defendant is not favored in the Ninth Circuit, *see Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980); *Wiltsie v. Cal. Dep't of Corrections*, 406 F.2d 515, 518 (9th Cir. 1968), situations may arise where the identity of alleged defendants cannot be known prior to the filing of a complaint. In such circumstances, the plaintiff should be given an opportunity through discovery to identify the unknown defendants, unless it is clear that discovery would not uncover their identities or that the complaint should be dismissed on other grounds. *See Gillespie*, 629 F.2d at 642; *Velasquez v. Senko*, 643 F. Supp. 1172, 1180 (N.D. Cal. 1986). Because plaintiff has not made any specific allegations about Does 1-3, the claims against these Doe defendants are DISMISSED without prejudice. Plaintiff may include specific allegations about Does 1-3 in an amended complaint if he chooses to file one by

3

the date scheduled in this Order.

### 2. Plaintiff's Sexual Harassment Claim is Cognizable

Individuals in prison have a constitutional right under the Eighth Amendment to be free from sexual harassment or abuse. *Wood v. Beauclair*, 692 F.3d 1041, 1046 (9th Cir. 2012). Conduct rises to the level of sexual harassment or assault where "a prison staff member, acting under color of law and without legitimate penological justification, touched the prisoner in a sexual manner or otherwise engaged in sexual conduct for the staff member's own sexual gratification, or for the purpose of humiliating, degrading, or demeaning the prisoner." *Bearchild v. Cobban*, 947 F.3d 1130, 1144 (9th Cir. 2020).

Strip searches are not necessarily unconstitutional, but may violate the Fourth or Eighth Amendment where they are "excessive, vindictive, harassing, or unrelated to any legitimate penological interest." *Michenfelder v. Sumner*, 860 F.2d 328, 332 (9th Cir. 1988). The fact that a body search is conducted by someone of another gender may make it more likely to rise to the level of a constitutional violation. *See Jordan v. Gardner*, 986 F.2d 1521, 1526 (9th Cir. 1993) (prison policy requiring clothed body searches of female prisoners by male guards violated Eighth Amendment because of the "psychological trauma" caused). But "routine pat-down searches" conducted by guards of another gender are not *per se* unconstitutional. *See Grummett v. Rushen*, 779 F.2d 491, 495 (9th Cir. 1985).

A prison staff member violates the Eighth Amendment by "converting a routine pat-down search into a humiliating and abusive sexual assault." *Bearchild*, 947 F.3d at 1142. This is precisely what plaintiff alleges against defendants Madsen and Stephens. In addition, plaintiff has alleged that this type of conduct has been pervasive at CTF and that defendant Koenig "knew of the violations and failed to act to prevent them." *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The Court finds that plaintiff's Eighth Amendment sexual harassment/unconstitutional body search claim against defendants Madsen, Stephens, and Koenig, when liberally construed, is cognizable under section 1983 and shall proceed.

### 3. Plaintiff's Claim of Inciting Violence is Not Cognizable

Plaintiff also alleges that defendants' conduct constituted an "attempt[] to incite Plaintiff to

4

engage in physical violence with his cellmate for filing grievances against defendant Madsen" and "an effort to cause physical violence with his cellmate." Dkt. 1 at 13-14. While "[d]eliberate indifference to the risk that an inmate will be harmed by other prisoners constitutes a violation of the Eighth Amendment," *Robinson v. Prunty*, 249 F.3d 862, 866 (9th Cir. 2001), plaintiff's claim that defendants were deliberately indifferent to his own potential violence against his cellmate is not cognizable. If plaintiff intends to allege that defendants' conduct was intended to cause his cellmate or other prisoners to harm him, he may file an amended complaint explaining how.

### 4. Plaintiff Can Only Seek Relief for Himself

Plaintiff should be aware that although the documents he attached to his complaint from other prisoners may tend to show a pattern of conduct at CTF, he does not represent any other prisoner in this case, and cannot seek injunctive relief on behalf of anyone else. *See Russell v. United States*, 308 F.2d 78, 79 (9th Cir. 1962) ("a litigant appearing in propria persona has no authority to represent anyone other than himself"); *see also* 18 U.S.C.A. § 3626(a)(1)(A) ("Prospective relief in any civil action with respect to prison conditions shall extend no further than necessary to correct the violation of the Federal right of a particular plaintiff or plaintiffs"). To the extent plaintiffs seeks injunctive relief on behalf of anyone else, those allegations are stricken.

### 5. State-Law Claims

Plaintiff should also be aware that although his complaint references violations of his "State and Federal Constitutional Rights," dkt. 1 at 4, he lists only violations of the Eighth Amendment in his causes of action. See *id.* at 13-15. If plaintiff wishes to bring state-law causes of action, he may file an amended complaint including them. The Court does not construe the complaint as including any state claims.

### 6. Retaliation

Although Plaintiff's complaint references retaliation, he has not listed a retaliation cause of action. If plaintiff wishes to include a First Amendment retaliation cause of action in his complaint, he may file an amended complaint including it.

### III. CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's claims against the Doe Defendants are DISMISSED without prejudice.

2. If plaintiff chooses to file a first amended complaint ("FAC") with additional allegations about the Doe Defendants, a retaliation claim, and/or state-law claims, he must file the FAC within **twenty-eight (28) days** of the date of this Order. The FAC must include the caption and civil case number used in this order, Case No. 21-cv-05435-YGR (PR) and the words "FIRST AMENDED COMPLAINT" on the first page. Plaintiff must use the Court's complaint form and answer all the questions on the form in order for the action to proceed. Because the FAC completely replaces the previous complaint, plaintiff must include in his FAC *all* the claims he wishes to present, including any amended claims against Doe defendants, retaliation claims against defendants Madsen, Stephens, and Koenig, and the Eighth Amendment claims against defendants Madsen, Stephens, and Koenig, which the Court has already found cognizable. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). Plaintiff may not incorporate material from the prior complaints by reference. If plaintiff chooses not to file an FAC within the time provided, the case will not proceed against the Doe defendants and the case will proceed against defendants Madsen, Stephens, and Koenig only for the Eighth Amendment claim.

3. Plaintiff's claim of sexual harassment/unconstitutional body search under section 1983 against defendants Madsen, Stephens, and Koenig has been found cognizable, as described above.

4. Defendants Correctional Officer H. Madsen, Correctional Officer Arlene Stephens, and Warden Craig Koenig shall be served at CTF. Service shall proceed under the California Department of Corrections and Rehabilitation's (CDCR) e-service program for civil rights cases from prisoners in CDCR custody. In accordance with the program, the clerk is directed to serve on CDCR via email the following documents: the Complaint, this Order, a CDCR Report of E-Service Waiver form, and a summons. The clerk also shall serve a copy of this order on the plaintiff.

6

No later than 40 days after service of this order via email on CDCR, CDCR shall provide the court a completed CDCR Report of E-Service Waiver advising the court which defendant(s) listed in this order will be waiving service of process without the need for service by the United States Marshal Service (USMS) and which defendant(s) decline to waive service or could not be reached. CDCR also shall provide a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office which, within 21 days, shall file with the court a waiver of service of process for the defendant(s) who are waiving service.

Upon receipt of the CDCR Report of E-Service Waiver, the clerk shall prepare for each defendant who has not waived service according to the CDCR Report of E-Service Waiver a USM-205 Form. The clerk shall provide to the USMS the completed USM-205 forms and copies of this order, the summons, and the operative complaint for service upon each defendant who has not waived service. The clerk also shall provide to the USMS a copy of the CDCR Report of E-Service Waiver.

5. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires defendants to cooperate in saving unnecessary costs of service of the summons and complaint. If service is waived, this action will proceed as if defendants had been served on the date that the waiver is filed, except that pursuant to Rule 12(a)(1)(A)(ii), defendants will not be required to serve and file an answer before **sixty (60) days** from the date on which the CDCR provides a copy of the CDCR Report of E-Service Waiver to the California Attorney General's Office. (This allows a longer time to respond than would be required if formal service of summons is necessary.) If defendants have not waived service and have instead been served by the USMS, then defendants shall serve and file an answer within **twenty-one (21) days** after being served with the summons and complaint.

6. Defendants shall answer the complaint in accordance with the Federal Rules of Civil Procedure. The following briefing schedule shall govern dispositive motions in this action:

a. No later than **sixty (60) days** from the date their answer is due, defendants shall file a motion for summary judgment or other dispositive motion. The motion must be supported by adequate factual documentation, must conform in all respects to Federal Rule of

Civil Procedure 56, and must include as exhibits all records and incident reports stemming from the events at issue. A motion for summary judgment also must be accompanied by a *Rand*[2] notice so that plaintiff will have fair, timely, and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand* must be served concurrently with motion for summary judgment). A motion to dismiss for failure to exhaust available administrative remedies must be accompanied by a similar notice. However, the Court notes that under the law of the circuit, in the rare event that a failure to exhaust is clear on the face of the complaint, defendants may move for dismissal under Rule 12(b)(6), as opposed to the previous practice of moving under an unenumerated Rule 12(b) motion. *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc) (overruling *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise, if a failure to exhaust is not clear on the face of the complaint, defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to plaintiff shows a failure to exhaust, defendants are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge, rather than a jury, should determine the facts in a preliminary proceeding. *Id.* at 1168.

If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on plaintiff.

        b.        Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on defendants no later than **twenty-eight (28) days** after the date on which defendants' motion is filed.

        c.        Plaintiff is advised that a motion for summary judgment under Rule 56 of

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

8

the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact—that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is supported properly by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that—in the rare event that defendants argue that the failure to exhaust is clear on the face of the complaint—a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents—documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

        d.      Defendants shall file a reply brief no later than **fourteen (14) days** after the date plaintiff's opposition is filed.

        e.      The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

7.      Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to defendants to depose plaintiff and any other necessary witnesses confined in prison.

8.      All communications by plaintiff with the Court must be served on defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

9.      It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11, a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

10.      Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: December 20, 2021

JUDGE YVONNE GONZALEZ ROGERS
United States District Judge