UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCCURTY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>H. MADSEN, et al.,<br><br>　　　　Defendants. | Case No. 21-cv-05435-YGR<br><br>**ORDER REOPENING ACTION; LIFTING STAY; AND SETTING BRIEFING SCHEDULE** |

Plaintiff, a state prisoner currently being held in custody at the California Training Facility ("CTF"), filed a *pro se* civil rights complaint pursuant to 42 U.S.C. § 1983 stemming from alleged constitutional violations at CTF.

In an Order dated August 30, 2022, the Court referred this action to the Pro Se Prisoner Mediation Program and stayed this case pending settlement proceedings. Dkt. 12.[1] The Court noted that "If the case is not settled, the Court will enter a new scheduling order for further proceedings." *Id.*

On October 15, 2022, the Honorable Judge Robert M. Illman notified the Court that the parties were unable to reach an agreement. Dkt. 14. Accordingly, the Court hereby LIFTS the stay in the instant action, and the Clerk of the Court shall REOPEN the case file. The parties are directed to abide by the new briefing scheduling outlined below.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

---

[1] The Court referred plaintiff's other pending action, *McCurty v. Lopez et al.*, Case No. 21-cv-04600-YGR (PR), to the Pro Se Prisoner Mediation Program as well for global settlement proceedings.

1. The Court LIFTS the stay in the instant action, and the Clerk shall REOPEN the file.

2. The parties shall abide by the following briefing schedule:

 a. No later than **sixty (60) days** from the date of this Order, defendants shall file a motion for summary judgment, which must be accompanied by a *Rand*[2] notice so that plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose the motion. *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012). If defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the summary judgment motion deadline.

 b. Plaintiff's opposition to the motion for summary judgment shall be filed with the Court and served on defendants no later than **twenty-eight (28) days** after the date on which defendants' motion is filed. Plaintiff shall refer to the Court's December 20, 2021 Order of Service for a further explanation on summary judgment. *See* Dkt. 4 at 8-9.

 c. Defendants shall file a reply brief no later than **fourteen (14) days** after the date the opposition is filed. The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

3. All communications by the plaintiff with the Court must be served on defendants' counsel by mailing a true copy of the document to defendants' counsel.

4. It is plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes while an action is pending must promptly file a notice of change of address specifying the new address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and (2) the Court fails to receive within sixty days of this return a written communication from the *pro se* party indicating a current address. *See* L.R. 3-11(b).

---

[2] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

5. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

IT IS SO ORDERED.

Dated: October 11, 2022

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge