UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL MCCURTY,<br><br>         Plaintiff,<br><br>    v.<br><br>H. MADSEN, et al.,<br><br>         Defendants. | Case No. 21-cv-05435-YGR (PR)<br><br>**ORDER DISMISSING CLAIMS AGAINST DOE DEFENDANTS; DENYING MOTION FOR SUMMARY JUDGMENT AS TO CLAIMS AGAINST DEFENDANT KOENIG; AND REFERRING ACTION FOR GLOBAL SETTLEMENT PROCEEDINGS** |

**I.    INTRODUCTION**

Plaintiff, a state prisoner incarcerated at Correctional Training Facility ("CTF"), filed a *pro se* complaint under 42 U.S.C. § 1983. Dkt. 1. Plaintiff named the following defendants at CTF: Correctional Officer H. Madsen, Correctional Officer Arlene Stephens, Warden Craig Koenig, and Does 1-3. *Id.* at 5-6.[1] Plaintiff seeks injunctive and declaratory relief and compensatory and punitive damages. *Id.* at 15-16.

On December 20, 2021, the Court screened the complaint and found a cognizable Eighth Amendment claim for sexual harassment related to the clothed body search allegations against Defendant Madsen, Stephens, and Koenig.[2] Dkt. 4.

Defendant Koenig is the only defendant seeking summary judgment at this time. Plaintiff alleges that Koenig was the warden at the time defendants Madsen and Stephens allegedly performed an improper clothed-body search in retaliation for filing grievances. Dkt. 1. Plaintiff claims that defendant Koenig was aware that this was a systemic problem, but failed to stop it. *Id.* Meanwhile defendants claim that despite plaintiff's conclusory allegations, there is no evidence

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by the parties.

[2] The Court gave plaintiff leave to amend his claims against Does 1-3, but to date plaintiff has failed to file timely amended claims against these Doe defendants. Dkt. 4 at 6. The Court had warned plaintiff that if he failed to file such timely amended claims then "the case will not proceed again the Doe defendants and the case will proceed against defendants Madsen, Stephens, and Koenig only for the Eighth Amendment claim." *Id.* Therefore, the Court DISMISSES without prejudice all claims against Does 1-3.

that there was a systematic problem or that defendant Koenig was aware of any such problem. *See* Dkt. 16.

For the reasons outlined below, the Court DENIES defendants' motion for summary judgment as to the claims against defendant Koenig, and it refers this action for global settlement proceedings.[3]

## II. FACTUAL BACKGROUND

Plaintiff alleges that defendants Madsen and Stephens "conducted a retaliatory search" of his cell on July 11, 2019. Dkt. 17, Undisputed Material Fact ("UMF") 1; Dkt. 1. Plaintiff alleges that the search was in retaliation for the fact that his cellmate had filed a grievance concerning defendant Madsen. UMF 2. Plaintiff alleges that defendants "conducted another retaliatory cell search of Plaintiff's cell and an unauthorized retaliatory clothed body search of Plaintiff" on August 10, 2019. UMF 3. During this August 10 search, plaintiff alleges that defendant Madsen ordered him to step outside of his cell, and place his hands on the wall, after which she "began aggressively searching Plaintiff." UMF 4. Plaintiff alleges that defendant Madsen pulled plaintiff's pants down, exposing his buttocks and genitalia to the 40 to 60 inmates in the dayroom, as well as to defendant Stephens, and "deliberately assaulted [plaintiff]" when she "grabbed Plaintiff's buttocks pushing in an upward position for a few seconds, then let Plaintiff's buttocks go," and by "maintaining her hands inside Plaintiff's [boxer] shorts squeezing and cupping Plaintiff's penis and scrotum in an upward motion." UMF 5. Plaintiff claims that these types of search were prevalent and that defendant Koenig was aware of them and failed to intervene. UMF 6.

## III. LEGAL STANDARD

Summary judgment is proper where the pleadings, discovery and affidavits demonstrate that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). Material facts are those which may affect the outcome of the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a

---

[3] The Court notes that plaintiff has another pending matter in front of it, *McCurty v. Lopez et al.*, Case No. 21-cv-4600-YGR (PR), which has been set for settlement proceedings.

1   material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for
2   the nonmoving party. *Id.*
3         The party moving for summary judgment bears the initial burden of identifying those
4   portions of the pleadings, discovery, and affidavits which demonstrate the absence of a genuine
5   issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Where the moving
6   party will have the burden of proof on an issue at trial, it must affirmatively demonstrate that no
7   reasonable trier of fact could find other than for the moving party. On an issue for which the
8   opposing party by contrast will have the burden of proof at trial, as is the case here, the moving
9   party need only point out "that there is an absence of evidence to support the nonmoving party's
10  case." *Id*. at 325.
11        Once the moving party meets its initial burden, the nonmoving party must go beyond the
12  pleadings and, by its own affidavits or discovery, "set forth specific facts showing that there is a
13  genuine issue for trial." Fed. R. Civ. P. 56(e). The court is only concerned with disputes over
14  material facts and "[f]actual disputes that are irrelevant or unnecessary will not be counted."
15  *Anderson*, 477 U.S. at 248. It is not the task of the court to scour the record in search of a genuine
16  issue of triable fact. *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). The nonmoving party
17  has the burden of identifying, with reasonable particularity, the evidence that precludes summary
18  judgment. *Id*. If the nonmoving party fails to make this showing, "the moving party is entitled to
19  a judgment as a matter of law." *Celotex*, 477 U.S. at 323.
20        Only admissible evidence may be considered in ruling on a motion for summary judgment.
21  *Orr v. Bank of Am.*, 285 F.3d 764, 773 (9th Cir. 2002). In support of defendants' motion for
22  summary judgment, defendants have submitted a declaration by their attorney, Deputy Attorney
23  General Ryan Gille (dkt. 16-1), as well as an exhibit made up of pages from plaintiff's deposition
24  (dkt. 16-1, Ex. 1). Meanwhile, plaintiff's verified complaint (dkt. 1) and declaration (dkt. 19-1) as
25  well as all his attached exhibits (*see id.*), which also includes pages from his deposition, may be
26  used as opposing affidavits under Rule 56, to the extent they are based on personal knowledge and
27  set forth specific facts admissible in evidence. *Schroeder v. McDonald*, 55 F.3d 454, 460 &
28  nn.10-11 (9th Cir. 1995). Even if plaintiff also filed an opposition, the court notes that it is not

1  verified because he failed to sign it under penalty of perjury.  *See* Dkt. 19.

**IV.  DISCUSSION**

In their motion for summary judgment, defendants point out that during Plaintiff's deposition, he was unable to identify any evidence to support this allegation other than unidentified rumors.  *See* UMF 7, Dkt. 16-1, Ex. A at 31:23-34:3.  For this reason, defendants move the Court to grant summary judgment as to plaintiff's Eighth Amendment claim against defendant Koenig.

A prison member violates the Eighth Amendment by converting a "routine pat-down search into a humiliating and abusive sexual assault."  *Bearchild v. Cobban*, 947 F.3d 1130, 1142 (9th Cir. 2020.)  As mentioned, this is precisely what plaintiff alleges against defendants Madsen and Stephens.  *See* Dkt. 1.  Also, plaintiff has alleged that this type of conduct has been pervasive at CTF and that defendant Keonig "knew of the staff sexual misconduct and pervasive abuse toward the prison population at [CTF] by the volume of 'complaints' and grievances" but "failed to take disciplinary action against staff and defendants . . . or to otherwise control staff and their behavior."  *Id.* at 12.  The record presented thus reveals that there is a genuine issue of material fact as to plaintiff's Eighth Amendment claim against defendant Koenig.

Therefore, accepting plaintiff's allegations as true, genuine issues of fact exist as to whether defendant Koenig violated plaintiff's constitutional rights.  Accordingly, defendants are not entitled to summary judgment as to plaintiff's Eighth Amendment claim against defendant Koenig.

**V.  CONCLUSION**

For the reasons outlined above, the Court rules as follows:

1. The Court DISMISSES without prejudice all claims against Does 1-3.

2. The Court DENIES defendants' motion for summary of judgment as to the claims against defendant Koenig.  Dkt. 16.

3. The Northern District of California has established a Pro Se Prisoner Settlement Program.  Certain prisoner civil rights cases may be referred to a Magistrate Judge for a settlement conference.  The Court finds that a referral is in order as to plaintiff's Eighth Amendment claim.

1  Thus, this case is REFERRED to Magistrate Robert M. Illman for a settlement conference. The
2  Court notes that plaintiff's other civil rights action is scheduled for a global settlement conference
3  before Magistrate Judge Illman on October 16, 2023 at 10:00 am. *See* Case No. 21-cv-04600-
4  YGR (PR) (Dkt. 35). If it is possible, the Court requests Magistrate Judge Illman to include this
5  case in the global settlement proceedings along with his other case. However, if it is not possible,
6  Magistrate Judge Illman shall coordinate a time and date for the conference with all interested
7  parties and/or their representatives and, within ten (10) days after the conclusion of the conference,
8  file with the Court a report of the result of the conference. The Clerk of the Court shall provide a
9  copy of this Order to Magistrate Judge Illman.

     3. In view of the referral to the Pro Se Prisoner Settlement Program, all other further proceedings in this case are hereby STAYED. The Clerk shall ADMINISTRATIVELY CLOSE this case until further order of the Court.

     4. If this matter does not settle, then this case will be reopened and proceed to trial.

     5. This Order terminates Docket No. 16.

IT IS SO ORDERED.

Dated: September 11, 2023

_____
JUDGE YVONNE GONZALEZ ROGERS
United States District Judge