UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MICHAEL MCCURTY,

Plaintiff,

v.

H. MADSEN, et al.,

Defendants.

Case No.  21-cv-05435-SI

**ORDER RE: *DAUBERT* MOTIONS**

Re: Dkt. Nos. 85, 86

Plaintiff and defendants each filed one *Daubert* motion seeking to exclude expert testimony. Dkt. Nos. 85, 86.  The Court's determination as to each motion is detailed below.

**BACKGROUND**

Plaintiff is a prisoner at the Correctional Training Facility ("CTF") in Soledad, California. Dkt. No. 1 ("Compl.") at 1.[1]  On July 15, 2021, plaintiff filed this suit *pro se* and named the following CTF employees as defendants: Correctional Officer H. Madsen, Correctional Officer Arlene Stephens, Warden Craig Koenig, and Does 1-3.  Compl.  The Court found plaintiff asserted a cognizable Eight Amendment sexual harassment claim.  Dkt. No. 4 ("Order of Service") at 4.  But the Court found plaintiff's claim of incitement to violence non-cognizable.  *Id.* at 4-5.  The Court dismissed defendants Does 1-3.  Dkt. No. 22 at 4.

In his complaint, plaintiff alleges that on August 10, 2019, defendants Madsen and Stephens conducted a search of plaintiff's cell and a "clothed body search of Plaintiff."  Compl. ¶ 4.  During the search, defendant Madsen ordered plaintiff to step out of the cell and then defendant Madsen pulled down plaintiff's pants causing his "buttocks to be exposed to the approximately 40 to 60

---

[1] Unless otherwise noted, pin cites to Docket No. 1 refer to the ECF pagination.

United States District Court
Northern District of California

other inmates in the wing's dayroom, other inmates in their cells, and defendant Stephens." *Id.* ¶¶ 5, 8. After pulling down plaintiff's pants, defendant Madsen grabbed plaintiff's buttocks and grabbed and squeezed his genitalia. *Id.* ¶¶ 13-14. For the aforementioned events, defendant Stephens stood and watched. *Id.* ¶¶ 9,12. Additionally, plaintiff alleges defendant Warden Koenig has been aware of "staff sexual misconduct" since as early as 2018 and has failed to properly address it. *Id.* ¶¶ 24, 25.

On February 17, 2026, this case was re-assigned to this Court. Dkt. No. 94. The pretrial conference is set for April 21, 2026, and trial is set to begin May 4, 2026. Dkt. No. 97.

**LEGAL STANDARD**

Federal Rule of Evidence 702 permits the introduction of expert testimony only if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the testimony is based on sufficient facts or data; (c) the testimony is the product of reliable principles and methods; and (d) the expert's opinion reflects a reliable application of the principles and methods to the facts of the case." Fed. R. Evid. 702. "To qualify as an expert, a witness must have 'knowledge, skill, experience, training, or education' relevant to such evidence or fact in issue." *U.S. v. Chang*, 207 F.3d 1169, 1172 (9th Cir. 2000) (citing Fed. R. Evid. 702). Expert testimony is admissible "only if it is both relevant and reliable." *Kumho Tire Co., Ltd. v. Carmichael*, 526 U.S. 137, 141 (1999).

The proponent of the expert testimony has the burden of proving the proposed expert testimony is admissible. *Lust ex rel. Lust v. Merrell Dow Pharm., Inc.*, 89 F.3d 594, 598 (9th Cir. 1996). On December 1, 2023, Rule 702(d) was amended to "clarify and emphasize that expert testimony may not be admitted unless the proponent demonstrates to the court that it is more likely than not that the proffered testimony meets the admissibility requirements set forth in the rule." Fed. R. Evid. 702 (Adv. Comm. Note, 2023). However, Rule 702 "should be applied with a 'liberal thrust' favoring admission." *Messick v. Novartis Pharm. Corp.*, 747 F.3d 1193, 1196 (9th Cir. 2014) (citing *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 588 (1993)). "Shaky but admissible

United States District Court
Northern District of California

evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano v. Cook*, 598 F.3d 558, 564 (9th Cir. 2010).

Rule 702 requires that the trial court act as a "gatekeeper" by "making a preliminary determination that the expert's testimony is reliable." *Elsayed Mukhtar v. Cal. State Univ., Hayward*, 299 F.3d 1053, 1063 (9th Cir. 2002) (citations omitted); *see Daubert*, 509 U.S. at 597. The decision whether to admit or exclude expert testimony lies within the trial court's discretion. *See General Elec. Co. v. Joiner*, 522 U.S. 136, 141-42 (1997); *United States v. Calderon-Segura*, 512 F.3d 1104, 1109 (9th Cir. 2008).  The Ninth Circuit has acknowledged that *Daubert* "may be harder to apply when the expert testimony is 'experience-based' rather than 'science-based,'" but an examination of reliability may be more important in considering "experience-based" opinion. *United States v. Valencia-Lopez*, 971 F.3d 891, 898 (9th Cir. 2020).  Additionally, Rule 702 "makes no relevant distinction between 'scientific' knowledge and 'technical' or 'other specialized' knowledge." *Kumho Tire*, 526 U.S. at 147.

**DISCUSSION**

**I.     Defendants' *Daubert* Motion: Lonnell Goodall**

Plaintiff enlisted Lonnell Goodall to review and evaluate the prison's investigation into plaintiff's allegation of defendants' sexual misconduct.  Mr. Goodall has over twenty-five years of law enforcement experience, including serving in two different detention and corrections facilities. Dkt No. 91-2 ¶¶ 3-4 ("Goodall Report").  Mr. Goodall also worked for nine years in internal affairs where he conducted over 200 internal investigations into employee misconduct. *Id.* ¶¶ 4, 8-9. Defendants challenge Mr. Goodall's report and offered testimony on several grounds.  Dkt. No. 85.

*First*, defendants argue that Mr. Goodall does not have "operational experience" at the California Department of Corrections and Rehabilitation ("CDCR") and is unable to testify to the quality of the prison's investigation.  Dkt No. 85 at 3-4.  Plaintiff responds that there is no requirement that a witness work for a specific institution to be allowed to testify about the quality of that institution's investigation.  Dkt. No. 91 at 3. Further, plaintiff argues Mr. Goodall has a plethora of experience conducting internal investigations. *Id.* at 4.  The Court finds that Mr.

United States District Court
Northern District of California

Goodall's work conducting internal law enforcement investigations gives him the requisite experience to testify about the quality of an internal investigation and that he does not need to have worked for CDCR to testify to the quality of their investigation.

*Second*, defendants seek to exclude comments from Mr. Goodall that offer improper legal opinions. Dkt. No. 85 at 5. Specifically, defendants object to a line from Mr. Goodall's where he states, "that the weight of the evidence supports the notion that Defendant Madsen did sexually assault Mr. McCurty." *Id.*; *See* Dkt. No. 91-2 at 17. Plaintiff does not address this point in its brief. The Court agrees with defendants' objection and instructs Mr. Goodall not to make any legal conclusions including "that the weight of the evidence supports the notion that Defendant Madsen did sexually assault Mr. McCurty." *See* Dkt. No. 91-2 at 17.

*Third*, defendants claim that Mr. Goodall's opinions improperly rely on credibility determinations. Dkt. No. 85 at 5-8. Defendants take issue with Mr. Goodall's testimony that Lieutenant Landrum was biased in his investigation and that plaintiff's allegations were corroborated and should be given weight. *Id.* at 6-7. Plaintiff argues that Mr. Goodall's testimony is not based on credibility determinations, but instead rests on conclusions regarding inconsistent reports. Dkt. No. 91 at 5-6. The Court finds that Mr. Goodall can testify to the quality of the prison's internal investigation and any inconsistencies therein but cannot weigh the evidence and assert which side's account is more credible.

*Fourth*, defendants seek to exclude any of Mr. Goodall's testimony which is based on speculation. Dkt. No. 85 at 8-9. Specifically, defendants seek to exclude Mr. Goodall's assertions that inmates do not tend to report incidents due to a "fear of retaliation," as well as his conclusions that Lieutenant Landrum was biased in his investigation. *Id.* Plaintiff does not specifically defend these assertions made by Mr. Goodall. The Court finds that although Mr. Goodall can testify to inconsistencies in the record, he cannot make conclusions regarding the state of mind of relevant witnesses.

*Fifth*, defendants argue that if Goodall is permitted to testify the Court must limit him to only responding to hypothetical questions. Dkt. No. 85 at 9. Plaintiff does not specifically address this argument in his response. Mr. Goodall can testify to the quality of the prison's investigation in this

case, but regarding any discussion of use of force tactics such questioning must be limited to hypotheticals. *See Valtierra v. City of Los Angeles*, 99 F. Supp. 3d 1190, 1198 (C.D. Cal. 2015) (limiting a police procedure expert's testimony on use of force to "hypothetical questioning so as to avoid invading the province of the jury.").

As explained above, the motion to exclude testimony from Mr. Goodall is GRANTED in part and DENIED in part.

## II.    Plaintiff's *Daubert* Motion: John Diaz

Defendants enlisted John Diaz to review and evaluate the prison's investigation into plaintiff's allegation of defendants' sexual misconduct. Mr. Diaz worked for CDCR for over twenty-five years. Dkt. No. 87-3 at 18 ("Diaz Report").[2] For twenty-three of those years with CDCR, Mr. Diaz worked as a supervisor and master trainer where he trained correctional officers and conducted "policy compliance reviews." *Id.* at 18-19. Plaintiff challenges Mr. Diaz's report and offered testimony on several grounds. Dkt. No. 86.

*First*, plaintiff argues that Mr. Diaz offers no specialized knowledge that will assist the jury. Dkt. No. 86 at 5-7. Specifically, plaintiff argues Mr. Diaz's experience as a prison operation expert does not relate to any disputed issue, Mr. Diaz's opinions do not relate to a prison policy or operations issue, and his opinions are based on improper credibility determinations. *Id.* at 5. Defendants argue that Mr. Diaz's testimony is necessary so that the jury can understand the "institutional context" in which the defendants' alleged acts occurred. Dkt. No. 90 at 4. Specifically, defendants argue Mr. Diaz's testimony is needed for the jury to understand "CDCR's search procedures and documentation requirements," "prison gang dynamics," and "inmate behavior patterns." *Id.* at 4-5. The Court finds that Mr. Diaz is allowed to testify because his testimony may assist the jury in determining whether defendants' actions were appropriate within CDCR's operational context.

*Second*, plaintiff seeks to exclude comments from Mr. Diaz that intrude on the jury's

---

[2] Unless otherwise noted, pin cites to Docket No. 87-3 refer to the ECF pagination.

United States District Court
Northern District of California

function.  Dkt. No. 86 at 7-8.  Plaintiff argues Mr. Diaz engages in impermissible credibility determinations when he states "[n]o evidence has been provided to me that would corroborate [McCurty's] allegation partially or in its entirety." *Id.*  Defendants respond that Mr. Diaz analyzes the quality of the documentary record, does not opine on witness truthfulness, and that his testimony will be limited to hypotheticals.  Dkt. No. 90 at 5-7.  The Court finds that Mr. Diaz can testify to inconsistencies throughout the entire documentary record and why those inconsistencies suggest that defendants were or were not justified in their investigative actions.  But Mr. Diaz is not permitted to conclude that some evidence should be credited over other pieces or to opine on whether or not there is enough evidence to "corroborate [McCurty's] allegation partially or in its entirety."

*Third*, plaintiff argues that Mr. Diaz's testimony will unfairly prejudice plaintiff, a convicted felon.  Dkt. No. 86 at 8-9.  Defendants respond that the probative value of Mr. Diaz's testimony regarding the institutional context, is not substantially outweighed by any prejudicial effect of the testimony.  Dkt. No. 90 at 7-8.  Under Rule 403, courts "may exclude relevant evidence if its probative value is substantially outweighed by…unfair prejudice."  Fed. R. Evid. 403.  Here, the Court finds that the prejudicial effect of Mr. Diaz's testimony does not outweigh the probative value of Mr. Diaz testifying to the institutional context of the prison.  Further, this Court has already prohibited Mr. Diaz from making explicit credibility determinations.

*Fourth*, plaintiff argues that the Court should disqualify Mr. Diaz "because his opinions exhibit extraordinary bias and are therefore unduly prejudicial."  Dkt. No. 86 at 9-10.  Specifically, plaintiff takes issue with Diaz's comments during his deposition that he does not "know any female correctional officers…who would willingly do anything that was described in this type of allegation" and that there would be "zero tolerance" "by the black inmate population" "for any white female to conduct a clothed body search."  *Id.*; *see* Dkt. No. 87-3 at 6, 11-12 ("Diaz Deposition").  Defendants respond that Mr. Diaz is not applying stereotypes but is instead "describing patterns he has personally observed" based on "27 years of professional experience investigating thousands of incidents at a maximum-security male prison."  Dkt. No. 90 at 8-9.  Although the Court finds that Mr. Diaz is allowed to testify, the Court orders that Mr. Diaz is not allowed to use generalities to explain how he believes the specific alleged conduct in this case is more or less likely.

United States District Court
Northern District of California

6

As explained above, the motion to exclude testimony from Mr. Diaz is GRANTED in part and DENIED in part.

## CONCLUSION

The parties' *Daubert* motions are resolved as follows: The motions to exclude the reports and offered testimony of experts Goodall and Diaz are DENIED in part and GRANTED in part, as explained above.

**IT IS SO ORDERED**.

Dated: April 3, 2026

_____
SUSAN ILLSTON
United States District Judge